FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 07 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30008 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00056-SEH-1 |
| v. | |
| TYRELL JAMES HENDERSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted August 28, 2012
Seattle, Washington

Before: SCHROEDER and GOULD, Circuit Judges, and FRIEDMAN, Senior
District Judge.[**]

Tyrell James Henderson appeals from his conviction for Assault on a

Federal Officer, in violation of 18 U.S.C. §§ 111(a), (b).  Henderson challenges the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Paul L. Friedman, Senior United States District Judge
for the District of Columbia, sitting by designation.

district court's interruption of his counsel's closing argument, questioning of defense witness Isaac Saenz after the government's cross-examination of Saenz, and decision to call a ten-minute recess in the middle of Agent Dan Love's testimony.

We review Henderson's appeal of the district court's interruption of defense counsel's closing argument for abuse of discretion. *United States v. Lazarenko*, 564 F.3d 1026, 1043 (9th Cir. 2009). The district court interrupted when defense counsel referred to the lack of a video camera on the police vehicle. The court was rightly concerned that counsel would describe what a camera might have shown and then argue facts that were outside the record. There was no abuse of discretion.

Henderson did not object to the district court questioning Saenz and calling a recess in the middle of Love's testimony; we review those issues for plain error. *United States v. Morgan*, 376 F.3d 1002, 1007 (9th Cir. 2004). The district court did not plainly err in questioning the witness, whose testimony had been confusing. The questions were clarifying in nature. The court's later observation, that one witness must have lied, was intended for counsel and was made outside the presence of the jury.

Calling a ten-minute recess during the middle of the afternoon, in the midst of Agent Love's testimony, was reasonable and within the court's discretion. Defendant has not shown that there was any more appropriate time for an afternoon recess or that he was prejudiced in any way by the court's action.

**AFFIRMED**.